IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| PAUL GYAMERAH<br>9723 Byward Blvd.<br>Bowie, Maryland 20721<br><br>    Plaintiff<br><br>v.<br><br>KAISER FOUNDATION HEALTH<br>PLAN OF THE MID-ATLANTIC<br>STATES, INC.<br>2101 E. Jefferson Street<br>Rockville, Maryland 20852<br>    R/A The Prentice-Hall<br>    Corporation System, MA<br>    7 St. Paul Street, Suite 820<br>    Baltimore, Maryland 21202<br>    and<br><br>PRINCE GEORGE'S COMMUNITY<br>COLLEGE FOUNDATION, INC.<br>301 Largo Road<br>Largo Md 20772<br>    R/A Robert I. Bickford<br>    301 Largo Road<br>    Largo, Md. 20772<br><br>    and<br><br>PRINCE GEORGE'S COUNTY,<br>MARYLAND<br>1301 McCormick Drive, Suite 4100<br>Largo, Md. 20774<br>    R/A Jared M. McCarthy<br>    1301 McCormick Drive, Suite 4100<br>    Largo, Md. 20774<br><br>    **Defendants** | <br><br><br><br><br><br><br><br>CASE NO.: C-16-CV-23-005371 |

## AMENDED COMPLAINT

Paul Gyamerah (hereinafter "Plaintiff"), by and through his attorneys, Kurt P. Roper, Esq., and the law firm of Roper & DiBlasio, LLC, files this action against Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. (hereinafter "Defendant Kaiser Permanente"), Prince George's Community College (hereinafter "Defendant PGCC"), and Prince George's County, Maryland (hereinafter "PG County") and respectfully states as follows:

1. Plaintiff is employed by Defendant Kaiser Permanente as a Nuclear Medicine PET CT Technologist.

2. Defendant Kaiser Permanente is a business entity with its principal office located in Rockville, Maryland in Montgomery County.

3. Defendant PGCC is a corporation with its principal office located in Largo, Maryland.

4. Defendant PG County is a state agency located in Largo, Maryland.

5. On or about July 9, 2018, Plaintiff was offered a position with Defendant Kaiser Permanente as a Nuclear Medicine PET CT Technologist. (See, Exhibit A – Employment Offer Letter).

6. Shortly thereafter, Plaintiff accepted the position and has since been employed with Defendant Kaiser Permanente.

7. Plaintiff typically works at the following Kaiser Permanente locations: Largo Medical Center, Gaithersburg Medical Center, Tysons Corner Medical Center, Capitol Hill Medical Center, and Baltimore Medical Center.

8. On or about September 29, 2023, Plaintiff was called into a meeting with Defendant Kaiser Permanente's Human Resources Department to address an allegation of sexual harassment by Plaintiff against Brooks Warner (hereinafter "Ms. Warner").

9. Ms. Warner is currently a student at Defendant PGCC.[1]

10. At the time the allegations were made, Ms. Warner was working on an internship/clinical rotation at Defendant Kaiser Permanente, Largo Medical Center location.

11. On or about September 29, 2023, Defendant Kaiser Permanente placed Plaintiff on a sixty (60) day suspension from his employment, pending termination.

12. Defendant Kaiser Permanente failed to properly investigate Ms. Warner's allegations prior to Plaintiff's suspension.

13. Defendant PGCC failed to properly investigate Ms. Warner's allegations prior to Plaintiff's suspension.

---

[1] Plaintiff was informed by Defendant Kaiser Permanente Human Resources Department that the allegation of sexual harassment was made by Ms. Warner through the Dean of the Nuclear Medicine Program at Prince George's Community College.

14. Defendant Kaiser Permanente and Defendant PGCC failed to provide Plaintiff with information regarding any corroborating evidence against Plaintiff prior to his suspension.

15. Plaintiff has practiced nuclear medicine technology for approximately twenty (20) years. Plaintiff is an upstanding citizen, employee, colleague, and mentor. Throughout Plaintiff's career, there have been no similar accusations/statements/allegations made by other individuals against Plaintiff.

16. Plaintiff requests reinstatement to his position as a Nuclear Medicine PET CT Technologist with Kaiser Permanente immediately.

17. Plaintiff has incurred Attorney's Fees as a result of Defendants' conduct.

## COUNT I – INJUNCTION

18. Plaintiff hereby incorporates Paragraphs 1-9 as fully set forth herein.

19. Plaintiff's right to his profession and employment will be irreparably injured if Plaintiff is continually suspended for lack of investigation by Defendant Kaiser Permanente and Defendant PGCC and/or wrongfully terminated from Kaiser Permanente as a result of the false accusations/statements about Plaintiff and his interactions with Ms. Warner.

20. The benefits to Plaintiff in obtaining an injunction are equal to or outweigh the potential harm which Defendant Kaiser Permanente and Defendant PGCC would incur if the injunction were granted.

21. Plaintiff will suffer irreparable injury unless the injunction is granted.

22. The public interest will be best served by granting the injunction in favor of Plaintiff and against Defendant Kaiser Permanente and Defendant PGCC.

**WHEREFORE**, Plaintiff, Paul Gyamerah, respectfully request that the Court grant relief as follows:

    A.    That judgment be entered in favor of Plaintiff and against all Defendants, in an amount in excess of seventy-five thousand dollars ($75,000.00) for damages, plus an additional award for interests and costs;

    B.    That Plaintiff be awarded Attorney's Fees; and

    C.    For such other and further relief as the nature of the case may warrant.

## COUNT II - DEFAMATION

23. Plaintiff hereby incorporates Paragraphs 1-14 as fully set forth herein.

24. Defendant Kaiser Permanente and Defendant PGCC's act of publicly falsely accusing Plaintiff of sexually assaulting Ms. Warner and placing Plaintiff on a sixty (60) day suspension from his employment as a result of the allegations was defamatory in tending to injure Plaintiff in his profession and employment.

25. Defendant Kaiser Permanente and Defendant PGCC knowingly made false and defamatory accusations/statements about Plaintiff and his interactions with Ms. Warner.

26. Defendant Kaiser Permanente and Defendant PGCC knowingly made false and defamatory accusations/statements about Plaintiff without further investigation into Ms. Warner's allegations.

27. Defendant Kaiser Permanente and Defendant PGCC acted with knowledge of the falsity of the accusations/statements and with the intent to harm Plaintiff's opportunity to return to his profession and employment when making these accusations/statements.

28. Defendant Kaiser Permanente and Defendant PGCC's false accusations/statements have harmed the character and reputation of Plaintiff, have impaired his standing and reputation at Kaiser Permanente, and has caused Plaintiff to suffer mental anguish and personal humiliation.

29. Defendant Kaiser Permanente and Defendant PGCC's false accusations/statements are of the nature tending to expose Plaintiff to suffer public scorn, hatred, ridicule, and economic harm.

30. Defendant Kaiser Permanente and Defendant PGCC's false accusations/statements have discouraged others in the community from having a good opinion of, or associating with Plaintiff.

31. As a direct and proximate result of Defendant Kaiser Permanente and Defendant PGCC's false accusations/statements, Plaintiff suffered a loss on

prospective income for the suspension period which he would have earned had he not been suspended.

**WHEREFORE**, Plaintiff, Paul Gyamerah, respectfully request that the Court grant relief as follows:

    A.    That judgment be entered in favor of Plaintiff and against all Defendants, in an amount in excess of seventy-five thousand dollars ($75,000.00) for damages, plus an additional award for interests and costs;

    B.    That Plaintiff be awarded Attorney's Fees; and

    C.    For such other and further relief as the nature of the case may warrant.

Respectfully submitted,

/s/    *Kurt P. Roper, Esq.*

_____

KURT P. ROPER, ESQ.
Roper & DiBlasio, LLP
401 Headquarters Drive
Millersville, Maryland 21108
(410) 787-1123 (tel.)
(443) 628-0093 (fax)
kurt@rd-lawfirm.com
AIS/CPF No.: 0812180083
*Attorney for Plaintiff*