UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

PAUL GYAMERAH,  *

    Plaintiff  *

    v.  *  Civil Case No. 8:24-CV-00575-AAQ

KAISER FOUNDATION HEALTH PLAN  *
OF THE MID-ATLANTIC STATES, INC.,
*et al.*  *

    Defendants  *

**MEMORANDUM OPINION AND ORDER**

This case concerns allegations that Plaintiff was unlawfully terminated and defamed after a third-party accused him of sexual harassment. Plaintiff Paul Gyamerah alleges that his former employer, Defendant Kaiser Foundation Health Plan (Kaiser), wrongfully terminated him and breached his employment contract when it ended his employment. Plaintiff also claims that Kaiser and Defendant Prince George's Community College (PGCC) defamed him during this process. Both Defendants have filed separate Motions to Dismiss. ECF Nos. 28 & 31. For the reasons discussed below, Defendant PGCC's motion shall be granted. Defendant Kaiser's motion shall be granted in part and denied in part.

**BACKGROUND**

Kaiser offered Plaintiff a position as a Nuclear Medicine PET CT Technologist in July 2018, which he subsequently accepted.[1] ECF No. 26 ¶¶ 5-6. Plaintiff continued in this position

---

[1] Because the case is currently before the Court on Defendants' Motions to Dismiss, the Court accepts all well-pled allegations as true for the purpose of deciding this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

until Kaiser terminated his employment on December 13, 2023. *Id*. ¶ 12. The circumstances surrounding his termination provide the basis for this case.

In September 2023, a PGCC student working as an intern at Kaiser, *id.* ¶¶ 8-10, reported to the Dean of the Nuclear Medicine Program at PGCC that Plaintiff had sexually harassed her, *id.* at 2 n.1. Neither PGCC nor Kaiser investigated the intern's claims. *Id.* ¶ 34. On or about September 29, 2023, Kaiser's Human Resources Department called Plaintiff into a meeting to address the intern's allegation of sexual harassment. *Id.* ¶ 8. In the meeting, Plaintiff alleges that Kaiser made false statements about his interactions with the intern, *id.* ¶ 33, and provided Plaintiff with no corroborating evidence supporting the intern's allegations, *id.* ¶ 15. Thereafter, Kaiser suspended Plaintiff from his employment for sixty days, pending termination. *Id.* ¶ 11. On December 13, 2023, Kaiser terminated Plaintiff's employment, referencing a violation of its "Principles of Responsibility." *Id*. ¶ 12.

Plaintiff's first Complaint and Amended Complaint, which he filed in the Circuit Court for Prince George's County, Maryland, raised defamation claims and sought an injunction. *See* ECF No. 8-2 at 21, 4. On February 9, 2024, Plaintiff filed a Second Amended Complaint, which included claims for breach of contract (Count I), wrongful termination (Count II), and defamation (Count III). *See* ECF No. 8-10. Kaiser removed the action from the Circuit Court for Prince George's County to this Court on February 26, 2024. ECF No. 1. Soon thereafter, on March 14, 2024, Plaintiff filed his Third Amended Complaint, which did not raise any new claims. ECF No. 26. In response, PGCC timely filed a Motion to Dismiss on March 22, 2024. ECF No. 28. Kaiser did the same on March 28, 2024. ECF No. 31. The Motions have since been fully briefed. ECF Nos. 28-1, 31-2.

**STANDARD OF REVIEW**

Fed. R. Ci*v. P.* 12(b)(6) provides that a party may move to dismiss a case where there is "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under 12(b)(6), a complaint must contain facts sufficient to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the Court should accept as true the well-pled allegations of the complaint, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

A court should not grant a motion to dismiss "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Martin v. Duffy (Martin I)*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal quotation marks omitted). However, pleadings that present "no more than conclusions" will not be "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage," as doing so would convert the motion into one for summary judgment. *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022). However, the court may consider documents attached to the complaint, as well as "documents attached to a motion to dismiss if the document is 'integral to the complaint and there is no dispute about the document's authenticity.'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). "A document is 'integral' to the

complaint if its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Reamer*, 556 F. Supp. 3d at 549 (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

## DISCUSSION

I. **Defamation Claim Against Defendant Prince George's Community College**

Plaintiff alleges that PGCC defamed him by communicating false statements regarding Plaintiff's interactions with an intern to his employer. ECF No. 26 ¶ 33. PGCC asserts that Plaintiff's claim must be dismissed for failure to comply with the Local Government Tort Claims Act's (LGTCA) notice requirements, and, alternatively, that the common interest privilege shields it from liability. ECF No. 28-1 at 8-11. Although the common interest privilege does not justify dismissal, Plaintiff's failure to plead compliance with the LGTCA notice requirement requires the Court to dismiss the claim against PGCC without prejudice.

A. **Common Interest Privilege**

The common interest privilege is "one of the four qualified or conditional privileges to defamation." *Shirley v. Heckman*, 75 A.3d 421, 426 (Md. Ct. Spec. App. 2013). It "rest[s] upon the notion that a defendant may escape liability for an otherwise actionable defamatory statement, if publication of the utterance advances social policies of greater importance than the vindication of a plaintiff's reputational interest." *Marchesi v. Franchino,* 387 A.2d 1129, 1131 (Md. 1978). As such, the common interest privilege arises when "the circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know.*"* *Hanrahan v. Kelly*, 305 A.2d 151, 156 (Md. 1973) (quoting Restatement (First) of Torts § 596 (1938)). Maryland courts have held that "a common interest may include 'interests in property,

4

business and professional dealings,' . . . and can 'inhere in business dealings between the publisher and the recipient.'" *Gohari v. Darvish*, 767 A.2d 321, 329 (Md. 2001) (quoting *Hanrahan*, 305 A.2d at 156, 156 n.2) (internal citation omitted).  When properly raised, the common interest privilege—like the other common law qualified privileges—is an affirmative defense to a defamation claim. *See, e.g., Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 367 (D. Md. 2017) ("The qualified privilege is an affirmative defense…").

At the motion to dismiss stage, a plaintiff is not obligated to present facts addressing affirmative defenses that a defendant may have.  *See CX Reinsurance Co. Ltd., v. Leader Realty Co.*, 219 F. Supp. 3d 542, 546 (D. Md. 2016).  In fact, "affirmative defenses, including qualified privileges, are disfavored at the motion to dismiss stage and should be granted 'only when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.'" *Connolly v. Lanham*, 685 F. Supp. 3d 312, 342 (D. Md. 2023) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir. 2000)).  The single relevant allegation in the Third Amended Complaint—that the intern who made the allegations was both an intern at Kaiser and a student at PGCC, ECF No. 26 ¶¶ 9-10—is not sufficient to clearly reveal the existence of a common interest between PGCC and Kaiser.  Thus, the privilege issue is more appropriately resolved at a later stage of this litigation.[2]  *See Connely*, 685 F. Supp. 3d at 342-343.

### B. Plaintiff's Failure to Comply with LGTCA Notice Requirements

The LGTCA exposes Maryland local governments to liability for tort claims.  Md. Code. Ann., Cts. & Jud. Proc. § 5-303(b)(1).  However, it "conditions such tort liability on compliance with a notice requirement, which provides that 'an action for unliquidated damages may not be

---

[2] In support, PGCC relies primarily on the Maryland Supreme Court's decision in *Gohari v. Darvish*, 767 A.2d 321 (Md. 2001), which was decided upon a complete record after trial, not a motion to dismiss.  *Id.* at 326, 329-30.

brought against a local government or its employees unless the notice of the claim required by this section is given within 1 year after the injury.'" *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, No. CV TDC-18-3821, 2020 WL 903205 at *6 (D. Md. Feb. 25, 2020) (quoting Md. Code. Ann., Cts. & Jud. Proc. § 5-304(b)(1)). "Local government" includes "a community college . . . established or operating under Title 16 of the Education Article." Md. Code Ann., Cts. & Jud. Proc. § 5-301(d)(9). To comply with the LGTCA's notice requirement, a potential plaintiff must provide the local government defendant with written notice stating the "time, place, and cause of the injury." *Id.* § 5-304(b)(2).

A plaintiff is excused from the notice requirement if (1) the plaintiff can show good cause for why notice was not provided and that the defendant was not prejudiced by the lack of notice, *see Bagby v. Prince George's Cnty.*, No. RWT 12CV537, 2012 WL 3867329 at *5 (D. Md. Sept. 5, 2012), or (2) the defendant had actual or constructive notice of the injury within one year, *see Saunders v. Balt. City Police Dep't*, No. CCB-19-551, 2020 WL 1505697 at *5 n.8 (D. Md. Mar. 30, 2020).[3] Strict compliance with the notice requirements is not always necessary; "substantial compliance may suffice." *Yampierre v. Balt. Police Dep't*, No. ELH-21-1209, 2022 WL 3577268 at *47 (D. Md. Aug. 18, 2022) (quoting *Renn v. Bd. Of Comm'rs of Charles Cnty., MD*, 352 F. Supp. 2d 599, 603 (D. Md. 2005)).

However, where the notice requirement applies, it is "a condition precedent to the right to maintain an action for damages . . . and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action." *Renn*, 352 F. Supp. 2d at 602

---

[3] Though Plaintiff filed this suit within a year of his alleged injury, thereby providing PGCC with actual notice of his claims, the LGTCA notice requirements are a "*condition precedent* to the right to maintain an action for damages," *Renn*, 352 F. Supp. 2d at 603 (emphasis added), and notice must be provided "pre-suit," *Huggins v. Prince George's Cnty., Md.*, 683 F.3d 525, 532 (4th Cir. 2012).

(citation omitted). As such, if a plaintiff does not plead satisfaction of the notice requirement in his complaint, he "is subject to a motion to dismiss, for instance, based on a failure to state a claim upon which relief can be granted." *Hansen v. City of Laurel*, 25 A.3d 122, 137 (2011). *See also Yampierre,* 2022 WL 3577268 at *46.

Here, Plaintiff did not plead compliance with the LGTCA's notice provision, nor did he argue that the notice requirement should be excused. Therefore, his state law defamation claim against PGCC shall be dismissed without prejudice, as Plaintiff may plead compliance in an amended complaint if he did, in fact, provide timely notice. *See Yampierre,* 2022 WL 3577268 at *47 (dismissing plaintiff's claim without prejudice for failing to plead compliance with the LGTCA notice provision, noting that plaintiff may plead compliance in an amended complaint); *Bagby v. Prince George's Cnty.*, No. RWT 12CV537, 2012 WL 3867329 at *5 (D. Md. Sept. 5, 2012) (dismissing plaintiff's claim without prejudice for failing to plead compliance with the LGTCA notice provision); *Saunders v. Baltimore City Police Dept.*, No. CV CCB-19-551, 2020 WL 1505697 at *5 (D. Md. Mar. 30, 2020) (same). Any such allegations must be in good faith with a reasonable basis as to their validity.

## II.   Plaintiff's Claims Against Defendant Kaiser

Plaintiff raises three claims against Kaiser. As an initial matter, Plaintiff alleges that Kaiser defamed him when it falsely accused him of sexual harassment and suspended him. ECF No. 26 ¶ 32. Plaintiff also alleges that Kaiser's subsequent decision to terminate him was both (1) wrongful and in violation of public policy, *id.* ¶¶ 26-27, and (2) a breach of his employment contract, *id.* ¶¶ 20-22.

### A. Defamation

Under Maryland law, in order for a defamation claim to withstand a motion to dismiss, a plaintiff must allege facts supporting four elements: "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017) (citing *Gohari v. Darvish*, 767 A.2d 321, 327 (2001)).

Plaintiff's Third Amended Complaint fails to plead facts supporting the publication element of a defamation claim. To satisfy the publication requirement, a plaintiff must sufficiently allege "that the alleged defamatory words were 'seen or heard by some person other than the plaintiff and defendant.'" *Lucas v. Moore Transp. of Tulsa, LLC*, No. CV RDB-18-0888, 2018 WL 4052194 at *4 (D. Md. Aug. 24, 2018) (quoting *Great Atl. & Pac. Tea Co. v. Paul*, 261 A.2d 731, 734-35 (Md. 1970)). Though the Third Amended Complaint asserts that Kaiser "publicly falsely accus[ed] Plaintiff of sexually assaulting [an intern]," it offers no facts that demonstrate that Kaiser ever communicated the statements to anyone other than to Plaintiff himself. *See* ECF No. 26 ¶ 8.

The Third Amended Complaint further alleges that Kaiser's suspension of Plaintiff was defamatory. *See* ECF No. 26 ¶ 32 ("Defendant Kaiser['s] act of . . . placing Plaintiff on a sixty (60) day suspension from his employment . . . was defamatory"). However, such an action does not constitute a defamatory statement, as it is an action and not a statement consisting of words that can be seen or heard. *See, e.g., Metromedia, Inc. v. Hillman*, 400 A.2d 1117, 1123 (Md. 1979) (describing defamatory statements as words: ". . . the *words* themselves impute the defamatory character . . ."; ". . . the defamatory character of the *words* sued upon . . .") (emphasis added)); *Great Atl. & Pac. Tea Co.*, 261 A.2d at 734-735 ("for alleged defamatory *words* to be actionable they must be *seen or heard* by some person . . ." (emphasis added)). Even if the act of suspending

8

Plaintiff was a sufficient basis for a defamation claim, the Third Amended Complaint provides no facts to support an inference that Kaiser communicated the fact of Plaintiff's suspension to any third party. Plaintiff merely alleges that Kaiser held a meeting with Plaintiff regarding the allegations and subsequently placed him on leave. ECF No. 26 ¶¶ 8, 11. Thus, Plaintiff fails to allege the first element of a defamation claim, and, therefore, has not sufficiently pled a defamation claim against Kaiser.

### B. Wrongful Termination

"Under Maryland law, an employer ordinarily may discharge an at-will employee for any reason[.]" *Garner v. Frederick Cnty. Pub. Schs.*, 2022 WL 4290575, at *2 (D. Md. Sept. 16, 2022). However, "the tort of abusive or wrongful discharge" serves as a "'narrow exception' to the general rule in circumstances where an at-will employee's termination contravenes a 'clear mandate of public policy.'" *Terry v. Legato Sys., Inc.*, 241 F. Supp. 2d 566, 569 (D. Md. 2003) (quoting *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (1981)). To state a claim for wrongful termination in violation of public policy, a plaintiff must "specifically identify the clear mandate of Maryland public policy that was violated by his termination." *Szaller v. Am. Nat'l Red Cross, et al.,* 293 F.3d 148, 151 (4th Cir. 2002). *See also Porterfield v. Mascari II, Inc.*, 788 A.2d 242, 235 (Md. Ct. Spec. App. 2002) ("A complaint must plead with particularity the source of the public policy and the alleged violation."). Additionally, the public policy on which the claim is based must be sufficiently well-established, meaning that there "must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture of interpretation." *Szaller*, 293 F.3d at 151 (quoting *Porterfield,* 788 A.2d at 245).

Plaintiff's Third Amended Complaint states only that Kaiser "wrongfully terminated Plaintiff," ECF No. 26 ¶ 26, and that the "wrongful termination of Plaintiff [was] in violation of public policy," *id.* ¶ 27. The Third Amended Complaint does not identify what mandate of public policy was violated by Plaintiff's termination, nor does it include sufficient facts for the Court to make any reasonable inferences on this point. Given this omission, the Court is also not able to determine whether the public policy which Plaintiff contends has been violated is sufficiently well-established to serve as the basis for a wrongful termination claim. As such, the Third Amended Complaint fails to sufficiently plead a claim for wrongful termination.

### C. Breach of Contract

#### 1. Plaintiff's Offer Letter

"In Maryland, in the absence of a contract for employment of a definite term, an employee is considered an at-will employee." *Gwinn v. Food Lion, LLC*, 195 F. Supp. 2d 728, 730 (D. Md. 2002). At-will employment can be "terminated at the pleasure of either party at any time." *Hrehorovich v. Harbor Hosp. Ctr., Inc.*, 614 A.2d 1021, 1030 (Md. Ct. Spec. App. 1992). However, this general rule may not apply when the employer has communicated to the employee "existing general personnel policies or procedures [that] limit the employer's discretion to terminate an employee." *Id.* at 1031. In such cases, a terminated at-will employee "may maintain an action for breach of an implied employment contract." *Id.*

Here, Plaintiff has alleged no facts that suggest an implicit contract between Plaintiff and Kaiser beyond at-will employment. The employment offer letter, which the Plaintiff has attached to his Third Amended Complaint as an exhibit and may therefore be considered, *see Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022), specifically states that Plaintiff's "[e]mployment with Kaiser

10

Permanente is 'at will,' meaning that either you or the organization may terminate your employment at any time and for any reason, with or without cause or advance notice, except as modified by an applicable collective bargaining agreement." ECF No. 26-2 at 1.  Plaintiff has provided no other facts alleging personnel policies or procedures that would limit Kaiser's capacity to end his employment.

In his brief in opposition to Kaiser's Motion to Dismiss, Plaintiff notes that it is "unlawful for an employer to terminate an employee because of . . . race, color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated and nature and extent so as to reasonably preclude the performance of the employment," and that termination "motivated by bad faith or malice or based on retaliation . . . constitutes a breach of the employment contract."  ECF No. 35 at 4 (quoting *Adler v. Am. Standard Corp.*, 432 A.2d 464, 467-468 (Md. 1981)).  However, in his Third Amended Complaint, Plaintiff does not allege that Kaiser discharged him because of race, color, religion, age, national origin, marital status, or physical or mental handicap.  Additionally, he does not allege that his termination was motivated by bad faith or malice or based on retaliation.  These protections are also not addressed in Plaintiff's offer letter.  *See* ECF No. 26-2 at 1-3.  Because these allegations were only discussed in Plaintiff's opposition briefing and not included in Plaintiff's Third Amended Complaint, the Court cannot consider them at the motion to dismiss stage, as it is "well established that 'a complaint may not be amended by the briefs in opposition to a motion to dismiss.'"  *Middleton v. Balt. City Police Dep't*, ELH-20-3536, 2022 WL 268765, at *18 (D. Md. Jan. 28, 2022) (quoting *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 557 (D. Md. 2012)).  As such, Plaintiff has failed to plead a claim for breach of contract under the terms of his offer letter.

    **2.  Collective Bargaining Agreement**

11

Plaintiff's offer letter makes note of his union membership and the fact that the at-will nature of his employment may be modified by a collective bargaining agreement (CBA).[4]  ECF No. 26-2 at 1. Insofar as Plaintiff bases his state law breach of contract claim on rights guaranteed to him under his union's CBA, his claim is preempted and the Court must treat it as a federal claim under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." (citation omitted)); *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 844 (D. Md. 2016) ("[C]omplete preemption converts the state law claim into a federal § 301 claim . . .").  Importantly, "preemption itself does not warrant dismissal," and, when a state law claim is construed as a § 301 claim, it is "the elements of a § 301 claim [which] must be analyzed."  *Verbal*, 204 F. Supp. 3d at 844.

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement."  *DelCostello v. Intl. Broth. of Teamsters*, 462 U.S. 151, 164 (1983).  Such a claim under § 301 is "effectively a breach of contract claim," and, "[a]s such, the motion to dismiss standard for a contract claim is informative." *Woods v. Washington Metro. Area Transit Auth.*, No. PWG-18-3494, 2019 WL 3766508 at *6 (D. Md. Aug. 9, 2019), *aff'd sub nom. Woods v. Washington Metro. Transit Auth.*, 785 Fed. Appx. 188 (4th Cir. 2019) (unpublished).  "In Maryland, a breach of contract claim is sufficiently pled when the

---

[4] Defendant Kaiser attached the CBA to its Motion to Dismiss.  ECF No. 31-3.  Plaintiff does not contest its authenticity, but as discussed above, bases his claim on provisions therein.  Accordingly, the document is integral to the Complaint and may be considered at this stage without converting the Motion into one for summary judgment.  *See Reamer* 556 F. Supp. 3d at 549.

pleader 'alleges the existence of a contractual obligation' and a 'material breach of that obligation' by the opposing party." *Yarn v. Hamburger L. Firm, LLC*, 2014 WL 2964986 at *3 (D. Md. June 30, 2014)) (quoting *RRC N.E., LLC v. BAA Md., Inc.*, 994 A.2d 430, 442 (Md. 2010)).

Kaiser does not contest that a contractual obligation existed between the parties through both Plaintiff's offer letter and the CBA. It does argue that, to the extent that Plaintiff alleges that Kaiser violated the CBA, he has failed to allege how Kaiser violated it.  ECF No. 31-2 at 9.  The Court disagrees on this point.  Plaintiff's Third Amended Complaint alleges that the information that Kaiser provided to him regarding his termination was insufficient.  Specifically, Plaintiff notes that "Defendant Kaiser . . . failed to provide Plaintiff with information regarding any corroborating evidence against Plaintiff prior to his suspension."  ECF No. 26 ¶ 15.  The Third Amended Complaint also provides that Plaintiff's termination letter cited only a violation of Kaiser's "Principles of Responsibility."  ECF Nos. 26 ¶ 12; ECF No. 26-1 at 4.  Plaintiff reemphasizes this point in his briefing, noting that Kaiser terminated him "without further clarification or explanation," leaving Plaintiff "unsure of the specific violation of the 'Principles of Responsibility'" that resulted in his termination.[5]  ECF No. 35 at 4.  These allegations correspond

---

[5] Neither party has addressed whether Plaintiff exhausted the administrative remedies outlined in the CBA.  Further, there is an open question as to whether exhaustion under a § 301 claim is a pleading requirement or an affirmative defense. *Staudner v. Robinson Aviation, Inc.*, 910 F.3d 141, 148 (4th Cir. 2018) (declining to decide whether the exhaustion of grievance procedures under a CBA "is an element of an employee's cause of action or an employer's affirmative defense"). Additionally, there is some uncertainty as to whether the CBA mandates that Plaintiff pursue the grievance process.  Nonetheless, given that neither party has raised exhaustion, the Court will not delve into these issues *sua sponte*, given the Fourth Circuit's discouragement of such in other contexts.  *See Custis v. Davis*, 851 F.3d 358, 363 (4th Cir. 2017) (concluding that the District Court erred in *sua sponte* dismissal of complaint where exhaustion issue was unclear and administrative remedies may have been unavailable); *United States v. Parada-Mendoza*, No. 21-6722, 2022 WL 2303956, at *1 (4th Cir. Jun. 27, 2022) (explaining the holding of *United States v. Muhammad*, 16 F.4th 126 (4th Cir. 2021): "Because the district court sua sponte raised the administrative exhaustion issue in *Muhammad*, we held that the court reversibly erred when it dismissed

with violations of the CBA, which requires that 1) "employees not be given corrective action without just cause," ECF No. 31-3, at 16; and 2) "employees shall be notified in writing of the reasons for termination," *id*.  Accordingly, Plaintiff has sufficiently pled a § 301 claim against Kaiser for the purposes of a Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Kaiser's Motion to Dismiss, ECF No. 31, is granted in part and denied in part. It is granted as to Plaintiff's defamation and wrongful termination claims (Counts II and III), which are dismissed with prejudice. It is denied as to Plaintiff's § 301 claim, which he initially raised as a state law breach of contract claim (Count I).

Defendant Prince George's Community College's Motion to Dismiss, ECF No. 28, is granted due to Plaintiff's failure to plead compliance with the LGTCA.  Plaintiff's defamation claim against Defendant PGCC will be dismissed without prejudice.  Plaintiff may seek leave to amend his Complaint to plead compliance within twenty-one days, if he, in fact, provided notice pre-suit.

Date:   October 1, 2024                                          /s/
                                                      Ajmel A. Quereshi
                                                      U.S. Magistrate Judge

---

Muhammad's motion for compassionate release based on the threshold requirement, even assuming [Muhammad] had not completed the prerequisites to suit." (citation and internal quotation marks omitted)).  The parties are free to raise this argument at a later time in the case.