**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| PAUL GYAMERAH, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 24-575-AAQ |
| | * | |
| KAISER FOUNDATION HEALTH | * | |
| PLAN OF THE MID-ATLANTIC | | |
| STATES, INC., *et al*., | * | |
| Defendant. | * | |
| | ****** | |

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiff alleges that he was unlawfully terminated after a third-party accused him of sexual harassment.   Specifically, Plaintiff Paul Gyamerah claims that his former employer, Defendant Kaiser Foundation Health Plan (Kaiser), violated the collective bargaining agreement between Kaiser and Plaintiff's former union—the Office and Professional Employees International Union, Local 2 (OPEIU Local 2)—when it ended his employment.   ECF No. 42, at 4-5.   Plaintiff further alleges that Defendant OPEIU Local 2 failed to adequately protect his employment rights. ECF No. 42, at 4.   Defendant Kaiser has filed a Motion to Dismiss.   ECF No. 47.   For the reasons discussed below, the Motion shall be granted, and the case shall be dismissed with prejudice.

## BACKGROUND

The facts of this case are detailed in the Memorandum Opinion and Order this Court issued on October 1, 2024.   ECF No. 38.   Accordingly, this Memorandum Opinion will address only those facts relevant to Defendant Kaiser's second Motion to Dismiss currently before the Court.

1

# I.    Factual History

Defendant Kaiser offered Plaintiff a position as an on-call Nuclear Medicine PET CT Technologist in July 2018, which he subsequently accepted.[1]   ECF Nos. 42, at 2; 42-2, at 1.   As part of Plaintiff's employment, he was affiliated with OPEIU Local 2.   ECF Nos. 42, at 2; 42-2, at 1.   Consequently, the collective bargaining agreement (CBA) between Defendant Kaiser and Defendant OPEIU Local 2 modified the terms of Plaintiff's employment with Defendant Kaiser. ECF No. 42, at 2.   In September 2023, an intern at Kaiser made an allegation of sexual harassment against Plaintiff.   ECF No. 42, at 2.   Plaintiff was subsequently called into a meeting with Defendant Kaiser's Human Resources Department and placed on a sixty-day suspension from his employment, pending termination.   ECF No. 42, at 2-3.   On December 13, 2023, Defendant Kaiser terminated Plaintiff's employment, citing a violation of Kaiser's Principles of Responsibility.   ECF No. 42, at 3.

# II.    Procedural History

On March 14, 2024, Plaintiff filed his Third Amended Complaint, which included claims for breach of contract (Count I), wrongful termination (Count II), and defamation (Count III) against Defendant Kaiser.   ECF No. 26.   In response, Defendant Kaiser filed a Motion to Dismiss.   ECF No. 31.   On October 1, 2024, this Court granted Defendant Kaiser's Motion to Dismiss as to Plaintiff's defamation and wrongful termination claims, but denied the Motion as to Plaintiff's breach of contract claim, which the court interpreted as arising under Section 301 of the Labor Management Relations Act (§ 301).   ECF No. 38, at 12-14.

---

[1] Because the case is currently before the Court on Defendant Kaiser's Motions to Dismiss, the Court accepts all well-pled allegations as true for the purpose of deciding this Motion.   *See* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff subsequently filed his Fourth Amended Complaint on October 22, 2024. ECF No. 42. The Fourth Amended Complaint raises a single § 301 claim against both Defendant Kaiser and Defendant OPEIU Local 2. ECF No. 42, at 4-6. Plaintiff has not served Defendant OPEIU Local 2 with process, and the time to do so has since passed.[2] The Fourth Amended Complaint asserts that Defendant Kaiser breached its CBA with Defendant OPEIU Local 2 by "wrongfully terminating Plaintiff" because of the "false accusations" made about him. ECF No. 42, at 4-5. Specifically, Plaintiff alleges that Defendant Kaiser violated Sections 3.2, 3.3, and 3.4 of the CBA by 1) terminating Plaintiff without just cause; 2) failing to utilize non-punitive corrective action measures; and 3) failing to notify Plaintiff of the reasons for his termination in writing. ECF No. 42, at 5. Plaintiff also claims that Defendant Kaiser did not properly investigate the allegations or provide Plaintiff with sufficient corroborating evidence against him prior to his suspension and termination. ECF No. 42, at 5-6. As to Defendant OPEIU Local 2, Plaintiff alleges that it "materially breached its obligations by not protecting Plaintiff's rights related to his employment and wrongful termination and corrective action pursuant to the agreement." ECF No. 42, at 4.

Defendant Kaiser timely filed a Motion to Dismiss Plaintiff's Fourth Amended Complaint for failure to state a claim. ECF No. 47. Plaintiff filed a Response in Opposition to the Motion, arguing that the Motion was procedurally deficient and that the Court should, therefore, deny it. ECF No. 48, at 3. In response, on November 29, 2024, this Court issued an Order deferring ruling on Defendant Kaiser's Motion to Dismiss and directing Plaintiff to file an Opposition addressing

---

[2] Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant "within 90 days after the complaint is filed." The Court must extend time for service if plaintiff shows good cause for the failure, Fed. R. Civ. P. 4(m), and may extend time for service even absent good cause, *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). Plaintiff has not requested an extension of time to serve OPEIU Local 2 with process.

the substance of Defendant Kaiser's Motion by December 13, 2024.   ECF No. 49.   When Plaintiff failed to file his substantive Opposition by the deadline, Defendant Kaiser filed a Correspondence with the Court requesting to Reply to Plaintiff's procedural arguments.   ECF No. 50.   The Court granted Defendant Kaiser leave to file its Reply, ECF No. 51, which it filed on January 7, 2025, ECF No. 52.

On February 5, 2025, the Court convened both parties for a status conference.   ECF No. 56.   Following the conference, the Court granted Plaintiff leave to file a new Opposition addressing the substance of Defendant Kaiser's Motion.   ECF No. 55.   Plaintiff filed his Opposition on March 7, 2025, ECF No. 57, to which Defendant Kaiser replied on March 28, 2025, ECF No. 58.   In his Opposition, Plaintiff requested a Motion Hearing before the Court, ECF No. 57-1, at 10, which the Court held on May 13, 2025, ECF No. 62.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a case where there is "failure to state a claim upon which relief can be granted."   To survive a motion to dismiss under 12(b)(6), a complaint must contain facts sufficient to "state a claim of relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   For the purposes of a motion to dismiss, the Court should accept as true the well-pled allegations of the complaint, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

A court should not grant a motion to dismiss "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts

in support of his claim entitling him to relief." *Martin v. Duffy (Martin I)*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal quotation marks omitted).   However, pleadings that present "no more than conclusions" will not be "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage," as doing so would convert the motion into one for summary judgment. *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022).   However, the court may consider documents attached to a complaint or a motion to dismiss "if the document is 'integral to the complaint and there is no dispute about the document's authenticity.'"   *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)).   "A document is 'integral' to the complaint if its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'"   *Id.* (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

## DISCUSSION

### I.    Plaintiff's Procedural Arguments Are Unpersuasive.

Plaintiff argues that Defendant Kaiser's Motion to Dismiss is procedurally deficient and the Court should, therefore, deny it.   ECF No. 48, at 2-3.   Specifically, Plaintiff references a Case Management Order that U.S. District Judge Theodore Chuang issued in this case on February 27, 2024.   ECF No. 48, at 1.   In the Case Management Order, Judge Chuang stated that "no motions may be filed without first seeking a Pre-Motion Conference with the Court," and that, prior to filing a motion, a party "must first file a Notice of Intent to File a Motion."   ECF No. 6, at 2.

Plaintiff asserts that because Defendant Kaiser did not file a Notice of Intent to File a Motion or seek a Pre-Motion Conference, the Court should deny the Motion to Dismiss.   ECF No. 48, at 3.

Because this case was not before Judge Chuang when Defendant Kaiser filed its Motion to Dismiss, Defendant Kaiser was not required to file a Notice or seek a Pre-Motion Conference with the Court.   Judge Chuang issued the Case Management Order in question prior to referring this case to my chambers for all further proceedings on March 11, 2024.   ECF No. 22.   The Case Management Order explicitly stated that it "shall govern in all civil proceedings before Judge Chuang."   ECF No. 6, at 1.   As such, the Case Management Order did not govern Defendant Kaiser's actions when it filed the pending Motion to Dismiss, and the Motion is procedurally sound.

Even had the Case Management Order applied to Defendant Kaiser's Motion, Plaintiff's arguments remain unpersuasive.   Plaintiff, in challenging the procedural adequacy of the Motion, lamented the absence of a Pre-Motion Conference.   ECF No. 48, at 3.   In response, the Court held a Status Conference on February 5, 2025, at which the Court offered both parties an opportunity to be heard and granted Plaintiff an extension of time to file his substantive Opposition to Defendant Kaiser's Motion.   ECF No. 56.   The Court has addressed the basis of Plaintiff's initial Opposition—the lack of a conference before the Court; accordingly, it will not deny Defendant Kaiser's Motion due to its alleged procedural inadequacy.

## II.     Plaintiff Fails to State a Hybrid § 301 Claim.

"Section 301 of the Labor Management Relations Act . . . allows litigants to bring '[s]uits for violation of contracts between an employer and a labor organization' in federal district court." *Groves v. Commun. Workers of Am.*, 815 F.3d 177, 178 (4th Cir. 2016) (quoting 29 U.S.C. § 185(a)) (internal citation omitted).   Plaintiff advances a "hybrid § 301 action," alleging that both

Defendant Kaiser and Defendant OPEIU Local 2 failed to abide by the CBA—Defendant Kaiser by wrongfully terminating Plaintiff, and Defendant OPEIU Local 2 by not protecting Plaintiff's rights related to his employment.[3]   ECF No. 42, at 4-5.   When pursuing such a claim, "to prevail on the merits against either party, an employee must prove both 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement." *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002) (citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65 (1983)).   While a plaintiff asserting a hybrid § 301 claim may choose to sue just the employer, just the union, or both, the case he must prove stays the same.   *DelCostello*, 462 U.S. at 165.   Thus, Plaintiff's claims against Defendant Kaiser and Defendant OPEIU Local 2 are "interlocked: neither claim is viable if the other fails." *Thompson*, 276 F.3d at 657 (quoting *Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238, 1241 (7th Cir.1997)).

### A.   Plaintiff Has Not Plausibly Alleged That Defendant Kaiser Violated the CBA.

Plaintiff alleges that Defendant Kaiser "failed to abide by" the CBA and "materially breach[ed]" its obligations under the agreement by "wrongfully terminating" him.   ECF No. 42, at 4-5.   Specifically, Plaintiff claims that Defendant Kaiser violated Sections 3.2, 3.3, and 3.4 in Article 3 of the CBA, ECF No. 42, at 5, which read, respectively: "[e]mployees shall not be given corrective action without just cause"; "[c]orrective action is a method of resolving performance and behavior issues in a non-punitive fashion . . . "; and "employees shall be notified in writing of the reasons for termination."   ECF Nos. 42, at 5; 42-3, at 16.[4]   Defendant Kaiser counters that

---

[3] While the "hybrid" nature of Plaintiff's claim is clear from his pleadings, Plaintiff confirms this in his briefing: "Plaintiff's claim comprises two causes of action – a "hybrid" claim – against Defendant Kaiser Permanente and against OPEIU Local 2."   ECF No. 57-1, at 8.

[4] Plaintiff attached a copy of his offer letter and the CBA between Defendants Kaiser and OPEIU Local 2 to his Fourth Amended Complaint.   ECF Nos. 42-2, 42-3.   Defendant does not contest

these sections of the CBA did not apply to Plaintiff. ECF No. 47-1, at 6. In support of its position, Defendant Kaiser cites a Memorandum of Understanding (MOU) included in the CBA attached to Plaintiff's Fourth Amended Complaint. ECF Nos. 47-1, at 2; 42-3, at 98. The MOU—dated June 12, 2015—is signed by the Vice President of Human Resources for Defendant Kaiser and the Secretary-Treasurer of Defendant OPEIU Local 2. ECF No. 42-3, at 98, 107. It reads: "[O]n-call employees shall be covered employees for purposes of union membership, but shall not be entitled to . . . benefits provided in Article 2 Seniority, [or] Articles 3 and 12, with the exception of 3.8 Temporary On/Call Employee and 12.3 Joint Review of Problem Situations . . ." ECF No. 42-3 at 98. Plaintiff, in his Opposition, claims that Defendant Kaiser's reliance on the MOU is "inappropriate[]"; thus, Article 3's provisions apply to him. ECF No. 57-1, at 6. Specifically, Plaintiff argues that 1) the MOU is a separate document outside of the CBA, 2) the MOU is not a fair and reasonable employment agreement, and 3) Article 3 covers Plaintiff because he is a "regular," not "temporary" employee. ECF No. 57-1, at 6.

To prevail on his hybrid § 301 claim, Plaintiff bears the burden of showing that Defendant Kaiser's termination of his employment was "contrary to the contract" of the CBA. *DelCostello*, 462 U.S. at 165 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981)). Federal courts "'interpret collective bargaining agreements . . . according to ordinary principles of contract law' as long as 'those principles are not inconsistent with federal labor policy.'" *Plumbers & Pipefitters Loc. 625 v. Nitro Constr. Services, Inc.*, 27 F.4th 197, 200 (4th Cir. 2022) (quoting *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015)). "In this endeavor, as with any

---

either document's authenticity. The offer letter—in establishing Plaintiff's employee classification and union membership—and the CBA give rise to the legal rights that Plaintiff now seeks to assert. Thus, both documents are integral to Plaintiff's Fourth Amended Complaint, and may be considered at this stage without converting Defendant Kaiser's Motion into one for summary judgment. *See Reamer* 556 F. Supp. 3d at 549.

other contract, the parties' intentions control," and where the words of a CBA are clear and unambiguous, "its meaning is to be ascertained in accordance with its plainly expressed intent." *M & G Polymers USA, LLC*, 574 U.S. at 435 (quoting *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010); 11 Williston on Contracts § 30:6 (4th ed.)).

Plaintiff has failed to plausibly allege that his discharge was contrary to the CBA. Though Plaintiff claims that Defendant Kaiser violated Sections 3.2, 3.3, and 3.4 of the agreement, the MOU within the CBA states that those sections did not apply to Plaintiff as an on-call employee. Plaintiff's argument that the MOU is a separate document outside of the CBA is undercut by his own filing of the MOU as an attachment to his Fourth Amended Complaint as part of "Exhibit B – Collective Bargaining Agreement." ECF Nos. 42, at 2; 42-3. Even if the MOU is a separate document, it has been incorporated by reference into the CBA: "Incorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship." *Enter. Info. Mgt., Inc. v. SuperLetter.com, Inc.*, No. 13-cv-2131, 2013 WL 5964563, at *4 (D. Md. Nov. 7, 2013) (quoting *Logan & Kanawha Coal Co., LLC v. Detherage Coal Sales, LLC*, 514 Fed. Appx. 365, 367-68 (4th Cir. 2013) (unpublished)). *See also* 11 Williston on Contracts § 30:25 (4th ed.) ("When a writing refers to another document, that other document, or the portion to which reference is made, becomes constructively a part of the writing, and in that respect the two form a single instrument."). Here, the CBA refers to the MOU multiple times. Article 1, Section 1 of the CBA reads "[i]n reference to on-call and temporary employees, please refer to the Memorandum of Understanding dated June 12, 2015." ECF No. 42-3, at 8. In Article 3, Section 8—entitled "Temporary/On-Call Employees—the CBA states "[p]lease also refer to the Memorandum of Understanding dated June 12, 2015." ECF No. 42-3, at 17.

Accordingly, the CBA incorporates the MOU—*see, e.g.*, *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 369 (1984) (CBA incorporated terms of trust agreement by reference); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 204 (1985) (CBA incorporated separately negotiated health and disability plan by reference); *Teamsters Loc. No. 391 v. Ball Corp.*, 160 Fed. Appx. 287, 288 (4th Cir. 2005) (unpublished) (CBA incorporated MOU)—and the CBA's "plainly expressed intent" is for Sections 3.2, 3.3, and 3.4 to not apply to on-call employees.  *M & G Polymers USA, LLC*, 574 U.S. at 435.

Plaintiff's argument that the MOU does not apply to him because it is not a fair and reasonable employment agreement is similarly unpersuasive.  Plaintiff, citing multiple cases concerning Fair Labor Standards Act settlements, seeks to apply the standard governing court approval of FLSA settlement agreements—that such agreements reflect a "fair and reasonable" resolution of a dispute—to the CBA.  ECF No. 57-1, at 6 (citing *Luna v. Yummy, LLC*, No. 23-cv-01784, 2024 WL 3554969 (D. Md. July 26, 2024); *Lynn's Food Stores, Inc. V. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  No such standard applies to CBAs.  In fact, a "union's broad authority in negotiating and administering effective agreements is 'undoubted,'" and a "wide range of reasonableness" must be granted to a bargaining representative negotiating a CBA. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563-64 (1976) (quoting *Humphrey v. Moore*, 375 U.S. 335, 342 (1964); *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).  Additionally, to the extent that Plaintiff seeks to challenge the validity of the CBA or the MOU, a § 301 action is not the appropriate means to do so: "Suits for violation of contracts under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated."  *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union*, 523 U.S. 653, 657 (1998) (internal quotation marks omitted).

Lastly, Plaintiff's claim that Article 3 applies to him because his offer letter indicates that he is a "regular," not "temporary," employee also falls short. Plaintiff's offer letter classified Plaintiff as an "On-Call, Regular" employee—a point which Plaintiff admitted in the last three versions of his Complaint. ECF No. 42-2, at 1; *see also* ECF Nos. 9, at 4; 26, at 4; 42, at 4. The MOU states that "on-call employees . . . shall not be entitled to . . . benefits provided in . . . Article[] 3 . . . with the exception of section 3.8[.]" ECF No. 42-4, at 98. This provision is not limited to "temporary" on-call employees. In fact, the MOU includes other provisions that apply to "[a]ll on-call or temporary employees," specifically distinguishing between the two groups. ECF No. 42-3, at 98. The plain language of the MOU indicates that the parties intended for the MOU to cover Plaintiff as an on-call employee regardless of his additional classification as a regular employee.

While Plaintiff claims that his discharge violated Sections 3.2, 3.3, and 3.4 of the CBA, the incorporated MOU plainly states that those sections did not apply to Plaintiff. Thus, based on the allegations in Plaintiff's Fourth Amended Complaint, even when drawing all reasonable factual inferences in Plaintiff's favor, Plaintiff cannot prove any set of facts demonstrating that Defendant Kaiser violated the CBA when it ended his employment.

**B. Plaintiff Has Not Plausibly Alleged That Defendant OPEIU Local 2 Breached its Duty of Fair Representation.**

Because Plaintiff has not plausibly alleged that Defendant Kaiser breached the CBA by ending his employment, he has failed to sufficiently plead a hybrid § 301 claim against either Defendant Kaiser or Defendant OPEIU Local 2. *See Thompson*, 276 F.3d at 656-57 (a hybrid § 301 plaintiff must show "both 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement," and his claims against his employer and union are "interlocked: neither claim is viable if the other fails.") (internal quotation marks

and citations omitted).   However, the Court will still address the second element of Plaintiff's hybrid § 301 claim.

Plaintiff has not pled facts demonstrating that Defendant OPEIU Local 2 breached its duty of fair representation.   To establish that a union breached its duty of fair representation, a plaintiff must show that the union "acted arbitrarily, discriminatorily, or in bad faith."  *Bruce v. Loc. 333, Intl. Longshoremen's Assn. AFL-CIO*, 189 F. Supp. 2d 282, 288 (D. Md. 2002) (citing *Thompson*, 276 F.3d at 657).   Here, Plaintiff claims only that "OPEIU Local 2 failed to abide by the [CBA]" and "breached their obligations by not protecting Plaintiff's rights related to his employment and wrongful termination and corrective action pursuant to the [CBA]."   ECF No. 42, at 4.   Plaintiff has alleged no facts demonstrating or supporting an inference that Defendant OPEIU Local 2 displayed any arbitrary or discriminatory conduct or acted in bad faith.   Additionally, as discussed above, the rights that Plaintiff alleges Defendant OPEIU Local 2 failed to protect—particularly, those related to corrective action and involuntary termination—are enshrined in sections of the CBA that did not apply to Plaintiff.   *See* ECF No. 42-3, at 16, 98.   Accordingly, Plaintiff has not adequately alleged that his union breached its duty of fair representation.

### III.    Plaintiff's Claim Is Dismissed with Prejudice.

Plaintiff has failed to plead sufficient facts to support either element of his hybrid § 301 claim against Defendants Kaiser and OPEIU Local 2.   Therefore, Plaintiff's § 301 claim cannot withstand Defendant Kaiser's Motion to Dismiss and is dismissed with prejudice.

Plaintiff's request for leave to further amend his pleadings—made verbally before this Court at a Motion Hearing on May 13, 2025, ECF No. 62—is denied.   "Although a court 'should freely give leave [to amend] when justice so requires,' Fed. R. Civ. P. 15(a)(2), leave to amend is properly denied and a claim dismissed with prejudice where further amendment would be futile,

where the deficiencies in the complaint are fundamental, or where the party has failed to cure the deficiencies despite repeated opportunities." *Metro. Regl. Info. Sys., Inc. v. Am. Home Realty Network, Inc*., 948 F. Supp. 2d 538, 556 (D. Md. 2013). Here, Plaintiff has had four chances to properly plead his claims against Defendants and has continually failed to do so.

Additionally, granting Plaintiff leave to file a fifth amended complaint would be futile. Plaintiff's counsel claimed for the first time during the Motion Hearing on May 13, 2025, that he has obtained new information regarding potential animus underlying Plaintiff's termination which could support two additional theories for relief. Ignoring that Plaintiff failed to advance either argument in his briefing despite having multiple opportunities over four months to do so, neither argument is persuasive. First, although Plaintiff claimed that he believes racial animus on the part of his accuser may have motivated her accusations against him, Plaintiff admitted he has no evidence supporting such a claim beyond the race of his accuser. *See Dangerfield v. Johns Hopkins Bayview Med. Ctr., Inc.*, No. JKB-19-155, 2019 WL 6130947, at *3 (D. Md. Nov. 19, 2019) (dismissing case where "nothing in her allegations, absent the fact that [Plaintiff] was the only African American female employed by Defendant in [Plaintiff's] department, that suggests the actions Plaintiff complains of were based on . . . race."). Further, as Plaintiff admitted, he failed to include a racial discrimination claim during the drafting of the four previous Amended Complaints, despite his knowledge of his accuser's race at the time and the Court's admonition in its previous decision that Plaintiff could not seek relief for racial discrimination without alleging such a claim. *See* ECF No. 38, at 11 ("[I]n his Third Amended Complaint, Plaintiff does not allege that Kaiser discharged him because of race, color, religion, age, national origin, marital status, or physical or mental handicap."); *see also* ECF Nos. 4, 9, 26, 42. Second, although Plaintiff claimed that he had recently become aware of information that his accuser may have been

motivated by a close relationship she may have had with a senior official of Prince George

Community College or Defendant Kaiser, Plaintiff was unable to explain what claim such

information would support.[5]

  Plaintiff's argument during the hearing that he was not, in fact, an on-call employee is

similarly unpersuasive.    Such an allegation directly contradicts his allegations in the last three

versions of his Complaint, ECF Nos. 9, at 4; 26, at 4; 42, at 4, and his offer letter which he attached

as an exhibit to his Complaints, ECF Nos. 9-1, at 1; 26-2, at 1; 42-2, at 1.    Plaintiff cannot amend

his Complaint through briefing or oral argument.    *See S. Walk at Broadlands Homeowner's Ass'n,*

*Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).    Further, given his

previous repeated assertions to the contrary throughout the case, as well as the documents he has

provided which confirm his status as on-call employee, it is apparent that the amendment, rather

than being made on a good faith basis, would be made solely to avoid dismissal.    *See Johnson v.*

*Santander Consumer USA, Inc.*, No. PX-19-447, 2019 WL 10893853, at *2 (D. Md. Apr. 19, 2019)

(rejecting Plaintiff's attempt to create jurisdiction by amending complaint to increase the amount

---

[5] Additionally, during the hearing on the Motion to Dismiss, Plaintiff, for the first time, sought
leave to conduct a deposition of his accuser before the Court ruled on Defendant's Motion to
Dismiss.    Generally, discovery commences after the Court decides a defendant's Motion to
Dismiss unless discovery is required to respond to the Motion, further delays would harm the
Plaintiff, or the pending Motion would not resolve all claims in the case.    *See Napper v. U.S.*, 374
F. Supp. 3d 583, 587 (S.D.W.V. Mar. 19, 2019) ("Reasonable discovery may be necessary to
permit the party seeking jurisdiction to produce the facts and evidence necessary to support their
jurisdictional allegations."); *Morris v. CrossCountry Mortgage, LLC*, No. 5:22-CV-336-BO, 2023
WL 2541702, at *2 (E.D.N.C. Mar. 16, 2023) (considering, as part of determining whether to stay
discovery, whether "delaying discovery will prejudice plaintiffs' ability to pursue their claims if
the motions to dismiss are denied" and whether "defendants' motions to dismiss, if granted, would
dispose of all claims in this case").    Plaintiff was unable to explain why the deposition was
necessary to respond to the Motion and advanced no argument based on delay.

of damages suffered because the amendment was "highly speculative," despite the presumption

that amendments are made in good faith).

As the Honorable Paul W. Grimm stated:

> There must come a time in a lawsuit when a party, having had prior
> opportunities to amend to address pleading deficiencies identified
> by the Court or adverse party, must proceed. . . . Otherwise, the
> issues would never be joined, discovery would remain open
> indefinitely, and, like the common law pleaders of former times,
> the suit would devolve into an endless series of complaints, demurrers,
> and responsive complaints. There is a reason why modern rules of
> pleading rejected the practices of former times, and in this case, the
> Plaintiff has had more than a fair opportunity to draft a viable
> complaint.

*Boardley v. Household Fin. Corp. III*, No. PWG–12–3009, 2015 WL 3486891, at *2 (D. Md. June

1, 2015).

## CONCLUSION

For the foregoing reasons, Defendant Kaiser's Motion to Dismiss, ECF No. 47, is

GRANTED.   Plaintiff's § 301 claim as to Defendants Kaiser and OPEIU Local 2[6] is dismissed

with prejudice.   The Clerk's Office shall close the case.

Date:   June 2, 2025                                    _____/s/_____
                                                        Ajmel A. Qureshi
                                                        U.S. Magistrate Judge

---

[6] While Defendant OPEIU Local 2 has not been served with process and has not filed a motion to
dismiss, Plaintiff's case against Defendant OPEIU Local 2 is, by definition, the same as his case
against Defendant Kaiser.  *See DelCostello*, 462 U.S. at 165 (An employee bringing a hybrid §
301 claim "may, if he chooses, sue one defendant [the union] and not the other [the employer], but
the case he must prove is the same whether he sues one, the other, or both.").  Because Plaintiff
has failed to plausibly allege a § 301 claim against Defendant Kaiser, he has necessarily failed to
plausibly allege a § 301 claim against Defendant OPEIU Local 2.   Accordingly, Plaintiff's claim
is also dismissed as to Defendant OPEIU Local 2.